**FILED**
CLERK, U.S. DISTRICT COURT

8/31/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DTA_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 8:22-cr-00127-DOC |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 922(g)(1), 924(e)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| GERALD ADAM ROYSTER, | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. §§ 922(g)(1), 924(e)(1)]

On or about December 1, 2021, in Orange County, within the Central District of California, defendant GERALD ADAM ROYSTER knowingly possessed a firearm, namely, a Glock, model 42, .380 caliber semi-automatic handgun, bearing serial number ACUP267, and ammunition, namely, 11 rounds of Maxxtech 9mm caliber ammunition loaded in a firearm bearing no serial number (commonly referred to as a "ghost gun"), five rounds of Winchester Super-X .22 caliber ammunition, three rounds of Winchester .380 caliber ammunition, three

1 rounds of Prvi Partizan .380 caliber ammunition, and three rounds of
2 Remington Arms Company .22 caliber ammunition, each in and affecting
3 interstate and foreign commerce.
4     Defendant ROYSTER possessed such firearm and ammunition knowing
5 that he had previously been convicted of at least one of the
6 following felony crimes, each punishable by a term of imprisonment
7 exceeding one year:
8       (1)  Possession of Controlled Substance for Sale, in
9 violation of California Health and Safety Code Section 11378, in the
10 Superior Court of the State of California, County of Orange, case
11 number 01SF0308, on or about June 22, 2001.
12       (2)  Possession of Controlled Substance for Sale, in
13 violation of California Health and Safety Code Section 11351, in the
14 Superior Court of the State of California, County of Orange, case
15 number 05NF1805, on or about June 2, 2005;
16       (3)  Sale of a Controlled Substance, in violation of
17 California Health and Safety Code Section 11379(a), in the Superior
18 Court of the State of California, County of Orange, case number
19 02SF0414, on or about January 24, 2006;
20       (4)  Possession of Controlled Substance for Sale, in
21 violation of California Health and Safety Code Section 11378;
22 Transportation of Controlled Substance for Sale, in violation of
23 California Health and Safety Code Section 11379(a); and Evading a
24 Peace Officer, in violation of California Vehicle Code Section
25 2800.2, in the Superior Court of the State of California, County of
26 Orange, case number 06HF1363, on or about August 2, 2006;
27       (5)  Burglary, in violation of California Penal Code
28 Sections 459-460(b), in the Superior Court of the State of

California, County of Orange, case number 09HF0615, on or about July 28, 2009;

   (6) Burglary, in violation of California Penal Code Sections 459-460(b), in the Superior Court of the State of California, County of Orange, case number 11CF1903, on or about August 3, 2011;

   (7) Receipt of Stolen Property, in violation of California Penal Code Section 496d(a); Acquisition of Access Card Account Information Without Permission, in violation of California Penal Code Section 484e(d); and Receipt of Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Orange, case number 13WF0219, on or about May 2, 2013;

   (8) Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1); Access Card Counterfeiting, in violation of California Penal Code Section 484i(c); Possession of Identification Cards of 10 or More Persons with the Intent to Defraud, in violation of California Penal Code Section 530.5(c)(3); Forging Access Cards to Defraud, in violation of California Penal Code Section 484f(a); Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378; Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351; and Possession of a Controlled Substance in Prison, in violation of California Penal Code Section 4573.6, in the Superior Court of the State of California, County of Orange, case number 15CF0390, on or about March 18, 2015;

(9) Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11352(a); Transportation of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11379(a); Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378; and Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Orange, case number 17NF1172, on or about April 13, 2018;

(10) Transportation of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Orange, case number 18HF1341, on or about May 18, 2020;

(11) Smuggling Controlled Substance into Correctional Facility, in violation of California Penal Code Section 4573, in the Superior Court of the State of California, County of Orange, case number 18CF3545, on or about May 18, 2020; and

(12) Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351; Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11352(a); Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378; and Transportation of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Orange, case number 18NF2925, on or about May 18, 2020.

Such possession occurred after defendant ROYSTER had been convicted of the following serious drug offenses, as defined in Title

4

18, United States Code, Section 924(e)(2)(A), which were committed on occasions different from one another:

    (1) Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Orange, case number 05NF1805, on or about June 2, 2005;

    (2) Transportation of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Orange, case number 06HF1363, on or about August 2, 2006;

    (3) Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Orange, case number 15CF0390, on or about March 18, 2015; and

    (4) Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11352(a); Transportation of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11379(a); Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378; and Possession of Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Orange, case number 17NF1172, on or about April 13, 2018.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm and ammunition involved in or used in such offense, including but not limited to the following:

i. One Glock, model 42, .380 caliber semiautomatic handgun, bearing serial number ACUP267;

ii. Eleven rounds of Maxxtech 9mm caliber ammunition;

iii. Five rounds of Winchester Super-X .22 caliber ammunition;

iv. Three rounds of Winchester .380 caliber ammunition;

v. Three rounds of Prvi Partizan .380 caliber ammunition;

vi. Three rounds of Remington Arms Company .22 caliber ammunition; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p),

6

as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

**/s/**
Foreperson

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

FARAZ R. MOHAMMADI
Assistant United States Attorney
Santa Ana Branch Office